IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:12-CV-189-GCM-DCK

| | |
|---|---|
| CECILIA E. BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **MEMORANDUM AND** ) **RECOMMENDATION** ) |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 10) and Defendant's "Motion For Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I.   BACKGROUND

Plaintiff Cecilia E. Brooks ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about February 8, 2006, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et*

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

*seq.*, alleging an inability to work due to a disabling condition beginning September 23, 2003. (Transcript of the Record of Proceedings ("Tr.") 10, 205-209).[2] The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on May 25, 2006, and again after reconsideration on October 17, 2006. (Tr. 10, 143-151). In its "Notice of Reconsideration" the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that your condition keeps you from doing any of your past jobs, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 149).

Plaintiff filed a timely written request for a hearing on November 3, 2006. (Tr. 10, 157-158). Plaintiff first appeared and testified at a hearing before Administrative Law Judge Richard L. Leopold ("ALJ") on September 4, 2008. (Tr. 10, 105-126). In addition, Todd R. Cerwin, Plaintiff's attorney, and Ms. Booney, a vocational expert, appeared at that hearing. Id. The ALJ issued an unfavorable decision on October 3, 2008, denying Plaintiff's claim. (Tr. 129-139). On or about December 2, 2008, Plaintiff appealed the unfavorable decision to the Appeals Council. (Tr. 190). The Appeals Council vacated the ALJ's October 3, 2008 decision and remanded the case for further consideration. (Tr. 140-142).

As instructed by the Remand Order, a second hearing was held on June 24, 2010. (Tr. 10, 62-104). Plaintiff appeared and testified. Id. In addition, Carroll H. Crawford, an impartial

---

[2] Apparently, Plaintiff also filed an application for Supplemental Security Income, but did not pursue consideration of that application. (Tr. 210-212); see also, (Document No. 14, p.1, n.1).

2

vocational expert ("VE"), appeared and testified at the hearing, as well as Plaintiff's new counsel, Michael J. Bednarik. Id. At the new hearing, Plaintiff, through her attorney, amended the disability onset date to December 15, 2006. (Tr. 10, 67, 72). The ALJ issued an unfavorable decision on September 8, 2010, again denying Plaintiff's claim. (Tr. 7-21). Plaintiff again appealed the unfavorable decision to the Appeals Council. (Tr. 27-33). However, the ALJ's most recent decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's latest request for review. (Tr. 1-5).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on July 27, 2012. (Document No. 1). "Plaintiff's Motion For Summary Judgment" (Document No. 10) and "Memorandum Of Law In Support Of Plaintiff's Motion For Summary Judgment" (Document No. 11), were filed November 30, 2012; and Defendant's "Motion For Summary Judgment" (Document No. 13) and "Memorandum In Support Of Summary Judgment" (Document No. 14), were filed January 28, 2013.

On June 14, 2014 this case was reassigned to the Honorable Graham C. Mullen; and on June 24, 2013, the undersigned was assigned to this case as the referral magistrate judge. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to Judge Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between December 15, 2006, and the date last insured.[3] (Tr. 11). To establish entitlement to benefits, Plaintiff has the burden of

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability between December 15, 2006 and December 31, 2009. (Tr. 21).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 19-20).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity between December 15, 2006, her alleged disability onset date, through her date last insured. (Tr. 13). At the second step, the ALJ found that degenerative joint disease of the left knee, degenerative disc disease of the lumbar spine, multiple joint arthritis, asthma, and

---

for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

obesity, were severe impairments. (Tr. 13).[4] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 13).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity "to perform reduced range of light work," with the following limitations:

> claimant is able to sit, stand, and walk for up to six hours in an eight-hour workday. She is able to lift up to twenty pounds occasionally and up to ten pounds frequently. Due to her combined impairments, the claimant is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and must work in an environment free of fumes, odors, toxic conditions, dusts, and poor ventilation.

(Tr. 13-14). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 14). The ALJ further opined that:

> the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. Moreover, I cannot find the claimant's allegation that she is completely disabled from working to be credible due to inconsistencies in the record as a whole, as discussed below.

(Tr. 15).

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a roving combo packer. (Tr. 19). At the fifth and final step, the ALJ concluded based on the

---

[4] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 20). As noted by the ALJ, the VE testified that according to the factors given by the ALJ, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy, such as a small parts assembler and electrical assembler. (Tr. 20, 97-100).

Based on the foregoing, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between December 15, 2006, the alleged disability onset date, and December 31, 2009, the date last insured. (Tr. 20-21).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to properly assess Plaintiff's credibility; (2) the ALJ failed "to address the medical record as a whole"; and (3) the ALJ's assessment of RFC was not supported by substantial evidence. (Document Nos. 11 and 11-1). The undersigned will discuss each of these contentions in turn.

### A. Plaintiff's Credibility

In her first assignment of error, Plaintiff argues that the ALJ failed "to give 'substantial credibility' to her subjective complaints of pain." (Document No. 11, p.10) (citing Patterson v. Chater, 978 F.Supp. 514, 519 (S.D.N.Y. 1997) and Weber v. Massanari, 156 F.Supp.2d 475, 486 (E.D.Pa. 2001)). Plaintiff specifically laments that "[n]owhere is there a reference that Judge Leopold is giving 'substantial credibility' to her subjective complaints of pain as the law requires." (Document No. 11, p.10).

In response, Defendant effectively asserts that Plaintiff's argument that her complaints of pain were entitled to "substantial credibility" is without merit. (Document No. 14, pp.8-9). Defendant directs the Court to a recent decision by this Court rejecting the "enhanced

7

credibility" argument. (Document No. 14, p.9) (citing Clark v. Astrue, 3:12-cv-122-MOC, 2012 WL 6728441 (W.D.N.C. Dec. 28, 2012)). In Clark, the Honorable Max. O. Cogburn, Jr. addressed the same credibility argument now before the Court:

> plaintiff contends that the ALJ failed to correctly address his credibility under a so-called "enhanced credibility doctrine" based on plaintiff's extensive work history. **Such doctrine is not recognized in the Fourth Circuit and plaintiff fails to cite the court to any decision within this circuit applying such doctrine**. Such issue was recently considered and rejected by another district court within the Fourth Circuit:
>
>> The requirement that the ALJ make a credibility determination based on these factors would be meaningless if a long work history *standing alone* established "substantial credibility." Fourth, and most significantly, the ALJ's decision did take into consideration Claimant's well-established work history. (Tr. at 16–18). Although Claimant's work history is commendable, it is not sufficient in and of itself to entitle Claimant to "substantial credibility" given the lack of evidence corroborating Claimant's testimony.

Clark, 2012 WL 6728441 at *3 (quoting Jeffries v. Astrue, 2012 WL 314156, 25 (S.D.W.Va. Feb, 1, 2012) (emphasis added).

The undersigned observes that the ALJ specifically noted he had "considered the claimant's work history in assessing her credibility" and that she "had a good work history prior to 2003 when she went out on disability after her knee surgery." (Tr. 18). Nevertheless, the ALJ concluded after considering "the evidence as a whole" that Plaintiff's "allegations are partially credible." Id.

It appears that the ALJ reached his conclusion after a thorough analysis of several factors influencing his credibility determination, as fully described in Defendant's brief. (Document No. 14, pp.4-10). For example, Defendant correctly notes that the ALJ reasonably considered

Plaintiff's failure to comply with her weight-loss treatment plan. (Document No. 14, p.7) (citing Tr. 17); Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) ("an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility"); and Sias v. Sec'y of Health & Human Servs., 861 F.2d 475, 480 (6th Cir. 1988) (evidence concerning lifestyle of claimant, who ignored physician's recommendations to lose weight and stop smoking, sufficiently supported ALJ's finding that claimant's complaints of intractable pain were not fully credible)).

  The ALJ specific opined:

> Regarding exercise, the evidence shows that Dr. Gore recommended that the claimant pursue a weight loss program in May 2007 that could help with her back and knee pain (Exhibit 27F, p.12). The claimant reported that she was unable to afford the weight loss program so, in February 2008, Dr. Gore recommended a home exercise program, which is free (Exhibit 27F, pp.8-9). Nevertheless, in November 2009, Dr. Gore noted that the claimant admitted that she was not doing the home exercises as recommended (Exhibit 29F, p.9). Dr. Gore reiterated the importance of daily exercises, but in February 2010, the claimant reported that she was only doing home exercises once every two weeks, far less often than Dr. Gore instructed (Exhibit 29F, pp.10-11). Despite her noncompliance with Dr. Gore's recommendations, Dr. Gore's records do not show that her functioning worsened. The claimant has continued to describe her back pain as "achy" and Dr. Addo noted in May 2010 that the claimant had a normal gait (Exhibit 29F, p.11; 31F, p.22).

(Tr. 17).

  Based on the foregoing, as well as Defendant's additional arguments, the undersigned is satisfied that the ALJ did not err by failing to apply a "substantial" or "enhanced" standard to his assessment of Plaintiff's credibility. Rather, it appears that the ALJ properly relied on substantial evidence in the record in reaching his credibility determination. (Tr. 16-18).

### B. Medical Evidence

Next, Plaintiff suggests that the ALJ erred because he failed "to address the medical record as a whole and thus, fail[ed] to rely upon substantial evidence in the record in forming his assessment of Ms. Brooks credibility, and, ultimately, her RFC." (Document No. 11-1, p.1). Plaintiff points to specific medical findings that she contends the ALJ failed to mention, or that he barely mentioned, made only passing reference to, or virtually ignored. (Document No. 11-1, pp.1-2, 4). Plaintiff also contends that the ALJ's failure "to include osteopenia as a medically determinable impairment . . . standing alone, constitutes reversible error." (Document No. 11-1, p.3).

As an initial matter, the undersigned again notes the standard set forth above which makes clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence; and, that so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. See Hays, 907 F.2d at 1456 (4th Cir. 1990) and Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

Plaintiff's second argument in this case essentially argues that the ALJ did not properly weigh the evidence of record. Plaintiff identifies particular facts that she contends were not properly referenced in the ALJ's decision and suggests that the ALJ, therefore, failed to consider the medical record as a whole. The undersigned respectfully disagrees.

As Defendant argues, it is not required that the ALJ recite or discuss *all* the medical evidence at issue. (Document No. 14, p.11) (citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) ("In all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision…") and Diaz v. Chater, 55 F.3d 300, 308 (7th Cir. 1995) (an

ALJ need not provide a complete written evaluation of every piece of testimony and evidence contained in the record)). Moreover, Defendant persuasively points out that the ALJ actually did reference some of the key pieces of evidence that Plaintiff contends he left out. Id.

Defendant also provides a compelling response to the argument that the ALJ's failure to include osteopenia as a medically determinable impairment constitutes reversible error. Defendant argues that osteopenia is simply a term for low bone density, and that "Dr. Kirby's assessment does not suggest that Plaintiff's low bone density had triggered any functional limitations, nor does Plaintiff make any such assertion." (Document No. 14, pp.11-12) (citing Tr. 731). Defendant further argues that since the ALJ did find Plaintiff's degenerative disc disease of the spine and multiple joint arthritis to be severe impairments, any symptoms associated with low bone density were adequately encompassed in those severity findings. (Document No. 14, p.12).

After careful review of the ALJ's decision, and the record as a whole, the undersigned is satisfied that the ALJ considered the complete record and relied on substantial evidence to reach his determination. As such, the Court should not, and will not, re-weigh the evidence Plaintiff chooses to emphasize versus the evidence specifically cited in the ALJ decision.

### C. Plaintiff's RFC

Finally, Plaintiff contends that the ALJ erred in his assessment of Plaintiff's RFC. (Document No. 11-1, pp.4-8). Specifically, Plaintiff argues that the RFC is "both vague and inconsistent with the substantial evidence on record," fails to include a restriction on "production, quota, or pace work," and failed to include a restriction in his findings that Plaintiff "would miss one day each week to recover from pain and fatigue." Id.

As discussed above, the undersigned is persuaded that the ALJ's decision relied on substantial evidence. Moreover, it is not for this Court to re-weigh the evidence or reconcile inconsistencies. So long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

Here, the undersigned again finds that Defendant has effectively refuted Plaintiff's arguments, and will largely adopt Defendant's position. First, Plaintiff asserts that the ALJ"s RFC finding was vague, because the ALJ found that Plaintiff "is able to sit, stand and walk for up to six hours in an eight-hour workday." (Document No. 11-1, p.5) (citing Tr. 14). Plaintiff argues that, with this language, the ALJ has accounted for only six hours of the traditional eight-hour workday. Id. Where both the ALJ's RFC finding and Agency policy recognize that a workday is ordinarily eight hours long, and where the ALJ found Plaintiff capable of working, Plaintiff's argument strains logic. (Tr. 13-14). See SSR 96-8p ("Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" *means 8 hours a day*, for 5 days a week, or an equivalent work schedule") (emphasis added). As such, the reasonable interpretation of the ALJ's RFC finding is that the ALJ found Plaintiff capable of working an eight-hour workday, in which she was capable of sitting, standing, and walking for up to six hours each. (Tr. 13-14).

The undersigned also notes that the VE testified that approximately fifty percent of the assembler jobs he identified "have a sit/stand option where an individual can use a stool or something and continue to work,." (Tr. 100). It is unclear why the ALJ's RFC did not

12

specifically include a "sit/stand option"; however, the undersigned is not convinced that such omission requires remand or reversal here.

Plaintiff next re-visits her arguments that the ALJ failed to fully consider the medical evidence and/or failed to fully credit Plaintiff's testimony, thus resulting in a flawed RFC finding. (Document No. 11-1, pp.5-6). Plaintiff's arguments in this vein have been fully addressed above. Because the ALJ's finding as to credibility appears both legally and factually accurate, and because his detailed decision indicates that he had considered all the relevant medical evidence, the undersigned will decline to find error here.

Plaintiff also argues that the ALJ's RFC finding and corresponding question to the vocational expert were flawed, because the ALJ declined to include a restriction regarding production, quota, or pace. (Document No. 11-1, p.7). Plaintiff attempts to argue that her pain levels rendered her incapable of maintaining the pace necessary to perform unskilled work. Id.

As set out above, the ALJ reasonably determined that Plaintiff's allegations of disabling pain were not fully credible, and consequently he was not required to include a limitation in the RFC, or the hypothetical question, reflecting a restriction in production, quota, or pace due to pain. See (Document No. 14, p.14) (citing Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989) (vocational expert testimony as to the existence of jobs will constitute substantial evidence in support of the ALJ"s decision if it is in response to a hypothetical question based on an accurate RFC).

Likewise, the ALJ was not required to adopt the limitation proffered by Plaintiff's attorney at the hearing -- that Plaintiff would miss one day of work each week due to pain and fatigue. (Document No. 11-1, p.18). As Defendant correctly argues, the ALJ is solely responsible for deciding the claimant's RFC and is not required to consider vocational expert

testimony in response to counsel's unsupported, conclusory statements as to a hypothetical RFC. See (Document No. 14, p.14) (citing Wooldridge v. Comm'r. of Soc. Sec., 2009 WL 635747, at *9 (M.D. Fla. Mar. 10, 2009); 20 C.F.R. 404.1546(c); and Bowden v. WalMart Stores, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("...the opinions, allegations, and conclusory statements of counsel do not substitute for evidence.")).

## IV. CONCLUSION

In this case the ALJ has twice considered the record, and twice held hearings in which Plaintiff, with the assistance of counsel, had the opportunity to testify, and a VE offered testimony. The undersigned finds that the ALJ has relied upon "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Based on the foregoing, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 10) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 13) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after

service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 22, 2013

David C. Keesler
United States Magistrate Judge